IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**YOLANDA CÁNO ÁNGELES,** *et al.,*
   Plaintiffs,

v.

**COMMONWEALTH OF PUERTO RICO (DEPARTMENT OF EDUCATION)**,
   Defendant.

Civil No. 16-1638 (BJM)

### ORDER

Yolanda Cáno-Angeles and Genaro Herrera Dos Reis, personally and on behalf of their son, F.H.C. (collectively, "Cáno"), bring before the court a motion for partial summary judgement. Docket No. 23. The Puerto Rico Department of Education ("DOE") opposed, Docket No. 30, and Cáno replied Docket No. 40. The parties consented to magistrate judge jurisdiction. Docket No. 66. For the reasons stated below, Cáno's motion is **granted**.

Cáno moved for the entry of partial summary judgment pertaining to the amount of $5,775.01 owed to her by the DOE, which is the only amount left at issue in this case.[1] Docket No. 40. Cáno homes in on three issues that make up the amount under dispute: (1) the March–May 2013 reimbursement; (2) the DOE's reimbursement calculations from June 2013 to the end of the 2014-2015 academic year; and (3) the 2015-2016 academic year therapy reimbursement.

    A.    **March–May 2013 Reimbursement**

Cáno requests that the court reverse the ALJ's ruling and award her the March–May 2013 transportation reimbursement for both school and therapy travel. Docket Nos. 22, 23, 40. Both parties have acknowledged that the ALJ dismissed this request in the administrative proceedings without reason or explanation. Docket Nos. 23, 30. Yet, the

---

[1] The court previously awarded Cáno an uncontested amount of $31,291.98. Docket Nos. 72, 78, 79.

DOE attempts to buttress the ALJ's decision by arguing that the reimbursement could not be adjudicated because the necessary therapy attendance certifications were not received. Docket No. 30.

On a motion for summary judgement, the moving party has to "[show] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). When reviewing an administrative ruling, the court may decline to remand and determine the dispute at issue if the ALJ's expertise is not needed. *See Pihl v. Mass. Dep't of Educ.*, 9 F.3d 184, 191 (1st Cir. 1993); *Lester H. by Octavia P. v. Gilhool*, 916 F.2d 865, 869 (3d Cir. 1990); *Millay v. Surry Sch. Dep't*, No. 07-CV-178-B-W, 2009 WL 5184388, at *1 (D. Me. Dec. 22, 2009).

Here, Cáno has presented to the court copies of the therapy attendance certification for each session and stated in an unsworn statement under penalty of perjury that the DOE received these certifications. Docket Nos. 39-1, 42-1. Because the DOE did not respond to the argument or present evidence to dispute the evidence proffered by Cáno, and because the ALJ did not give a reason for the dismissal of this request, the March–May 2013 transportation reimbursement is **granted.**

B. June 2013–2014-2015 Academic Year

Cáno requests that the court award the full amount of the transportation reimbursement she calculated from June 2013 to the end of the 2014-2015 academic year. Docket No. 40. Cáno based this calculation on information received by Esteban Lomba ("Lomba"), who works for the Public Service Commission ("PSC"). *Id*. The DOE retorts that it received different information from Lomba regarding several routes taken by Cáno

Cáno-Angeles, et al. v. Commonwealth of Puerto Rico (Department of Education), Civil No. 16-1638 (BJM)        3

and supported this argument by presenting two affidavits, e-mail exchanges with Lomba, and mileage tables. Docket No. 29–1, 29–2, 29–3, 29–4, 29–5, 29–6, 30.

On a motion for summary judgement a court may not consider documents that have not been properly authenticated after their authenticity is challenged. *See Carmona v. Toledo*, 215 F.3d 214, 131 (1st Cir. 2000); *Orsi v. Kirkwood*, 999 F.2d 86, 91 (4th Cir. 1993); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Here, although the DOE proffered documents supporting its own calculations for the time period between June 2013 and the end of the 2014-2015 academic year, it made no effort to authenticate these exhibits in response to Cáno's authenticity challenge. Therefore, because only Cáno's calculation is supported by admissible evidence, the request for reimbursement for the time period between June 2013 and the end of the 2014-2015 academic year is **granted**.

C.  **2015-2016 Academic Year**

Cáno requests that the court reverse the ALJ's ruling and award the 2015-2016 academic year transportation reimbursement for therapy travel. Docket Nos. 23, 40. Cáno contends that she is entitled to the reimbursement because although an Individualized Education Program ("IEP") for the 2015-2016 academic year was not created, the IEP for the 2014-2015 academic year was still in effect for the next academic year. Docket Nos. 23, 40. On the other hand, the DOE argues that the new IEP was not created because Cáno allegedly did not attend a scheduled meeting to review the IEP. For this reason, the DOE argues that Cáno is not entitled to the reimbursement. Docket Nos. 29-6, 29-7.

The administrative agency that reviews and revises IEPs has the "responsibility of providing . . . parents with appropriate notice . . . of scheduling and conducting [a] review

meeting [of the IEP under] 34 C.F.R. §300.343." *Town of Burlington v. Dep't of Educ. for Com. of Mass.*, 736 F.2d 773, 794 (1st Cir. 1984). In this case, while the DOE proffered documents supporting its argument of a scheduled meeting, the DOE did not respond to Cáno's authenticity challenge. Docket No. 39, ¶ 7. Therefore, because there is a lack of admissible evidence that Cáno was notified of an appointment to review the IEP for the 2015-2016 academic year, and because Cáno has been awarded this reimbursement in prior years, the 2015-2016 reimbursement is **granted**. *See Id* at 795.

## CONCLUSION

For the foregoing reasons, the motion for partial summary judgement is **GRANTED.** The DOE shall reimburse Cáno in the amount of $5,775.01.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of February, 2017.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge